UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LORI ALLEN,
    Plaintiff,

v.                             Case No.: 3:24cv454/TKW/ZCB

MICHAEL A ADKINSON,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

The Court has received a "Notice of Action" indicating that Lori Allen is bringing a claim against Michael Adkinson, the Sheriff of Walton County, based on a hostile work environment. The "Notice" was filed and signed by Steven W. Short, an inmate at the Walton County Jail who claims to be Ms. Allen's attorney.

Upon review of the "Notice," it is clear that this case should be dismissed without further proceedings for two reasons. *See* 28 U.S.C. § 1915A(a) (requiring that courts screen lawsuits filed by inmates against a governmental entity or employee). First, the "Notice" is not sufficient to open a case because it is not a complaint and was not accompanied by either the filing fee or a motion to proceed *in forma pauperis*. *See* Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the

court."); N.D. Fla. Loc. R. 5.3 (requiring that the filing fee or a motion to proceed *in forma pauperis* be submitted to the Court "simultaneously" with the complaint).

Second, Mr. Short is not a licensed attorney. He, therefore, cannot commence a lawsuit on behalf of Ms. Allen. *See* 28 U.S.C. § 1654 ("[T]he parties may plead and conduct their own cases personally or by counsel[.]"); *see also Timson v. Sampson*, 518 F.3d 870, 873 (11th Cir. 2008) (noting that 28 U.S.C. § 1654 provides "a personal right that does not extend to the representation of the interests of others"). Ms. Allen did not sign the "Notice," and there is no indication that Ms. Allen is even aware that Mr. Short is attempting to file this case on her behalf as her "attorney." Indeed, Mr. Short appears to be engaging in the unauthorized practice of law by claiming to be an attorney and filing legal documents on behalf of another person. *See generally Fla. Bar re: Advisory Op.*, 265 So. 3d 447, 454 (Fla. 2018) (explaining that "it constitutes the unlicensed practice of law for a nonlawyer to represent another in court").

Based on the foregoing, this case was improperly filed and should be dismissed without further proceedings. Accordingly, it is

**RECOMMENDED** that this case be **DISMISSED** and the Clerk of Court be directed to close the file.

At Pensacola, Florida, this 24th day of September 2024.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### Notice to the Parties

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.